UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | **MEMORANDUM & ORDER** |
|---|---|
| -against- | **93-CR-360 (NGG)** |
| BETSY RAMOS, | |
| Defendant. | |

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Betsy Ramos moves for an order granting compassionate release or a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that her late-stage cancer treatment constitutes an "extraordinary and compelling" circumstance that merits an early release from prison. (*See* Mot. for Compassionate Release ("Mot.") (Dkt. 63); Reply (Dkt. 66).) The Government opposes the motion, arguing that Ms. Ramos's condition was known to the court at the time of sentencing in December 2019, and that her disciplinary record while incarcerated and her criminal history counsel against an early release. (*See* Gov't. Opp. to Mot. ("Opp.") (Dkt. 64).) For the following reasons, Ms. Ramos's motion is DENIED.

## I.   BACKGROUND

Ms. Ramos is serving a 24-month sentence at FCI Carswell with a projected release date of September 20, 2021. She has been incarcerated or otherwise involved in the criminal justice system continuously since her first arrest for selling narcotics in 1986, when she was 21 years old. *See United States v. Ramos*, 979 F.3d 994, 996 (2d Cir. 2020) (upholding the 24-month sentence imposed by the court). In 1993, while on probation for three other narcotics convictions, Ms. Ramos was convicted in federal court for importing narcotics into the United States. *Id*. at 996. In 1999, a state court sentenced her to a term of imprisonment of 15 years to life for second-degree manslaughter that resulted in the death

of a police officer—an offense Ms. Ramos committed while on supervised release for her 1993 federal court conviction. *See id.* at 997. In November 2019, Ms. Ramos was granted parole in state court. *Id.* She was then released into federal custody, where she was presented to the court because her state court conviction had violated the terms of her federal supervised release. *Id.* at 996. The court sentenced her to 24 months' incarceration for the violation, the maximum permitted term. *Id.* at 998.

Ms. Ramos has a significant disciplinary record. During her first stint in federal custody, from March 1993 until October 1995, Ms. Ramos incurred nine disciplinary infractions. (*See* Opp. at 3.) Soon after she reentered federal custody in December 2019, she used profanity and became aggressive with a guard at the Metropolitan Detention Center, a fact cited by the court at sentencing. (*Id.*) She received another disciplinary sanction in January 2020 for physically threatening a guard. (*Id.*)

Ms. Ramos also suffers from numerous serious health conditions. In 1995, she was diagnosed as HIV positive. *Ramos*, 979 F.3d at 997. In January 2018, she began treatment for stage II anal cancer. (*See* Opp. at 2.) At the time of sentencing in December 2019, her doctor estimated her life expectancy to be two years. (*Id.*) Over the past year, Ms. Ramos was diagnosed with stage IV rectal cancer with metastasis to the lungs and she began palliative chemotherapy. (*See* Mot. at 1.) In October 2020, the Bureau of Prisons denied her request for compassionate release in light of her criminal and disciplinary history, despite her terminal disease and an estimated life expectancy of 12 to 18 months. (*See* Mem. of Fed. Bureau of Prisons (Dkt. 63-1).)

## II.  LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to reduce a defendant's sentence upon motion of the Director of the BOP, or upon the motion of the defendant. A

defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

A court may reduce a defendant's sentence under § 3582(c)(1)(A) only if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* The court therefore must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* The Sentencing Commission, to which Congress delegated the responsibility to "describe what should be considered extraordinary and compelling reasons for sentence reduction," 28 U.S.C. § 994(t), has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A), 1(D). The Sentencing Commission has additionally determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Finally, the defendant has the burden to show she is entitled to a sentence reduction. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

## III. DISCUSSION

The court has undertaken a careful review of Ms. Ramos's medical records and treatment history, as it did prior to sentencing

her last year. At that time, although Ms. Ramos had a life expec-
tancy of 24 months, the court found that the factors set out in 18
U.S.C. § 3553(a) weighed in favor of a substantial sentence due
to her significant criminal history, and a disciplinary history that
stretched from the beginning of her custody to sentencing. The
court remains concerned with Ms. Ramos's discplinary issues,
which have continued past sentencing. The progression of Ms.
Ramos's disease was anticipated by the medical evidence at the
time the court imposed her sentence, and she continues to re-
ceive treatment, to which she had responded positively as of
November 9, 2020. (*See* Opp. at 3.) In light of the circumstances
at the time of sentencing and the circumstances today, the court
does not find "extraordinary and compelling reasons" to deviate
from the sentence originally imposed.

## IV.  CONCLUSION

For the foregoing reasons, Ms. Ramos's motion for compassion-
ate release is DENIED.

SO ORDERED.


Dated:    Brooklyn, New York
          December 21, 2020


                                    /s/ Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge